IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.                      CASE NO. 5:18-CR-50098-TLB-1

JERMAINE DONALD                                                                    DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Jermaine Donald's *pro se* Motion to Reduce Sentence (Doc. 43).  The Court directed the Government to file a response, and the Government did so, along with Mr. Donald's medical records.  *See* Docs. 45 & 46.  Mr. Donald then filed a Reply (Doc. 47).  Now that the Motion to Reduce Sentence is ripe and having reviewed all of these filings, the Court finds that the Motion should be **DENIED** for the reasons explained below.

### I.  BACKGROUND

On March 13, 2019, Mr. Donald pleaded guilty to Count Four of the Indictment, which charged him with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  His Guideline range was 151 to 188 months, which Probation calculated based upon a total offense level of 29 and a criminal history category of VI (due to his status as a career offender).  *See* Doc. 34, pp. 9–10, 14, 21.  Over the Government's objection, the Court varied downward and sentenced Mr. Donald to 120 months' imprisonment. (Doc. 41).

Mr. Donald is now 37 years old and is incarcerated at FCI Forrest City Medium with a projected release day of May 3, 2027.  *See* Fed. Bureau of Prisons, Inmates, https://www.bop.gov/inmateloc/ (last accessed Apr. 7, 2021).   He has served

1

approximately 29 months of his original sentence and now seeks compassionate release under 18 U.S.C. § 3582(c)(1) due to his hypertension, obesity, hyperlipidemia, and high cholesterol on the grounds that he is at a higher risk of a severe infection of COVID-19.

## II.  LEGAL STANDARD

The First Step Act of 2018 ("FSA") permits an inmate to seek a sentence reduction directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i).  If one of these threshold requirements is satisfied, the court may grant a defendant's motion for a reduction in sentence "after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court looks to the Sentencing Commission's policy statement in the United States Sentencing Guidelines ("U.S.S.G.") as a starting point in determining what constitutes "extraordinary and compelling reasons" under § 3582(c)(1)(A)(i).  Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13 indicates that the medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Although the Sentencing Commission has not updated nor adopted a new policy statement since the FSA was enacted, the policy statement

nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III.  DISCUSSION

#### A.  Exhaustion of Remedies

The Court's ability to rule on Mr. Donald's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the BOP's failure to bring a motion for early release or (2) allowed 30 days to lapse since the warden received his request for early release, whichever event is sooner. 18 U.S.C. § 3582(c)(1)(A)(i). Mr. Donald presents proof that he requested compassionate release from his warden on October 28, 2020. (Doc. 43, p. 16). The Government does not contest that Mr. Donald has exhausted his administrative remedies. Therefore, since Mr. Donald petitioned his warden for early release on October 28, 2020, and because more than 30 days have lapsed since then, the Court finds that Mr. Donald has satisfied the exhaustion requirement set forth at 18 U.S.C. § 3582(c)(1)(A)(i).

#### B.  Section 3553(a) Factors

Even if the Court assumes that Mr. Donald's medical conditions are among those that create an elevated risk of severe illness from COVID-19,[1] regardless, he is not a suitable candidate for early release considering the Section 3553(a) factors. Section 3582(c)(1) requires the Court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release. The relevant conduct described in

---

[1] *See* Ctrs. for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last accessed Apr. 9, 2021).

3

Mr. Donald's PSR—which was adopted in its entirety by the Court—includes 459 grams of actual methamphetamine. Moreover, when investigators searched Mr. Donald's residence, they seized over $8,700 in cash and distribution-level amounts of cocaine. As for his criminal history, the Court found that Mr. Donald was a career offender due to two prior controlled substance offenses.

After reviewing the PSR, the Court continues to believe that Mr. Donald's sentence—which is below his Guideline range—is appropriate. Indeed, allowing Mr. Donald to complete his prison sentence in 29 months would create a significant disparity with other defendants who have been held responsible for similar acts. In short, after considering and weighing all of the Section 3553(a) factors, the Court finds that permitting Mr. Donald to complete his 120-month sentence after serving approximately 29 months is insufficient to reflect the seriousness of his offense conduct, to promote respect for the law, and to afford adequate deterrence to those who would seek to engage in similar criminal activities.

For these reasons, even assuming Mr. Donald has demonstrated extraordinary and compelling medical reasons to reduce his sentence, the Court finds that the Section 3553(a) factors do not justify a reduction in Mr. Donald's sentence.[2]

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Jermaine Donald's *pro se* Motion to Reduce Sentence (Doc. 43) is **DENIED**.

---

[2] To the extent Mr. Donald asks to serve the remainder of his sentence in home confinement, the FSA gives only the BOP—not the Court—the power to decide where Mr. Donald serves his sentence. *See* 18 U.S.C. §§ 3624(c)(4), 3621(b).

4

**IT IS SO ORDERED** on this 12th day of April, 2021.

                                                                                           _____
                                                                                          TIMOTHY L. BROOKS
                                                                                          UNITED STATES DISTRICT JUDGE